IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert L. Hillman,                :

       Plaintiff,              :       Case No.  2:11-cv-607

  v.                               :       JUDGE MICHAEL H. WATSON
                                               Magistrate Judge Kemp
State of Ohio, et al.,           :

       Defendants.             :


REPORT AND RECOMMENDATION

    This case is before this Court to consider a motion to dismiss filed by Defendant, Ron O'Brien, the Franklin County Prosecuting Attorney (Doc. #8), and a motion for a show cause order (Doc. #15) filed by Plaintiff, Robert Hillman.  For the reasons that follow, the Magistrate Judge recommends that the motion to dismiss be granted and that the claims against the remaining defendants, the State of Ohio and the Franklin County Prosecutor's Office, be dismissed as well.  The Magistrate Judge also recommends that the motion for a show cause order be denied.

I. Background

    The following facts are considered true for purposes of this motion only and are taken from Mr. Hillman's complaint, as well as the state court online docket for Mr. Hillman's applications to expunge his criminal records, of which this Court takes judicial notice.  See State v. Hillman, Nos. 08EP-646, 08EP-665, and 08EP-669 (Franklin Cnty. C.P. filed November 12, 2008 and November 20, 2008); Lynch v. Leis,382 F.3d 642,648 n.5 (6th Cir. 2004)(stating the Court is entitled to take judicial notice of facts appearing on a state court online docket).  Mr. Hillman is

1

a pro se prisoner litigant currently residing at Chillicothe Correctional Institution and proceeding before this Court in forma pauperis. In November of 2008 Mr. Hillman filed with the Franklin County Court of Common Pleas three applications requesting that certain portions of his criminal record be expunged. See Hillman, Nos. 08EP-646, 08EP-665, and 08EP-669 (Franklin Cnty. C.P. filed November 12, 2008 and November 20, 2008). On April 27, 2009 the Court of Common Pleas entered an order denying his requests. Id. Mr. Hillman appealed and on January 28, 2010, the Ohio Tenth District Court of Appeals reversed and remanded, holding the trial court based its decision on the wrong statute. State v. Hillman, Nos. 09AP-478, 09AP-479, 09AP-480, 2010 Ohio 256 (Franklin Cnty. App. January 28, 2010).

On April 5, 2010 the trial court again denied all three of Mr. Hillman's applications to have his records expunged. See Hillman, Nos. 08EP-646, 08EP-665, and 08EP-669 (Franklin Cnty. C.P. April 5, 2010). On March 22, 2011 the Ohio Tenth District Court of Appeals affirmed the decision finding that the reasoning of the trial court was sufficiently laid out in its judgment entries. State v. Hillman, Nos. 09AP-424, 09AP-425, 09AP-426 (Franklin Cnty. App. January 28, 2010). On June 22, 2011 the Supreme Court of Ohio declined jurisdiction to hear Mr. Hillman's appeal. State v. Hillman, 128 Ohio St.3d 1559 (2011).

On July 21, 2011 Mr. Hillman filed his complaint with this Court. (Doc. #3). He claims he is filing "an appeal" from the state of Ohio's decision denying his applications to expunge his nonconviction criminal record. (Doc. #3, p. 1). In his complaint, Mr. Hillman argues that the state appellate court violated his federal constitutional rights by 1) denying his application to have his records expunged, 2) misapplying O.R.C. §2953.52 because no legitimate government need outweighed Mr. Hillman's interest in having his records sealed, 3) failing to

rule on the merits of his Rule 60(B) motion, and (4) refusing to order a transcript of the proceedings at no cost to Mr. Hillman.

On September 26, 2011, Mr. O'Brien filed a motion to dismiss Mr. Hillman's complaint. (Doc. #8). On January 17, 2012, the Magistrate Judge filed a Report and Recommendation, recommending that the Court strike the motion to dismiss for lack of service. (Doc. #12). On January 23, 2012 Mr. O'Brien filed his first objection to that recommendation (Doc. #13), indicating the motion to dismiss had now been filed and served. Because Mr. O'Brien has now served Mr. Hillman with the motion to dismiss, the prior R&R issued in this case (Doc. #12), striking the motion, is now moot. This Report and Recommendation will address the motion to dismiss on the merits.

## II. Standard of Review

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). Here, Mr. O'Brien has lodged a facial attack on Mr. Hillman's complaint, arguing this Court lacks jurisdiction under the Rooker-Feldman doctrine.

28 U.S.C. § 1915(e)(2) requires the Court "to dismiss the case at any time if the court determines that ... the action or appeal . . . fails to state a claim on which relief may be granted . . ." A complaint does not fail to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519, 520 (1972). It is with these standards in mind that the Court addresses the instant motion to dismiss.

### III. Discussion
#### A. Rooker-Feldman

Mr. O'Brien argues that this Court lacks jurisdiction to hear Mr. Hillman's claims under the Rooker-Feldman doctrine. In essence, that doctrine states that the United States District Courts do not have jurisdiction to hear appeals from the decisions of state courts; rather, such jurisdiction is vested exclusively in the United States Supreme Court by 28 U.S.C. §1257. Consequently, if an unsuccessful state court litigant comes to the District Court seeking review of the state court's rulings, jurisdiction is lacking. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

As the Supreme Court has noted, however, the doctrine is a fairly narrow one that had been unduly expanded by some courts to overlap with the doctrines of claim preclusion and issue preclusion. That expansion was incorrect. An unsuccessful state court litigant who brings to the federal courts the same dispute that was decided in state court may be subject to claim or issue preclusion defenses, but Rooker-Feldman does not apply unless the litigant claims an injury to his or her rights stemming from the state court decision itself, or asserts errors in the state court decision-making process. See Exxon Mobil Corp. v. Saudi Basic

4

Industries Corp., 544 U.S. 280, 284 (2005)("The Rooker-Feldman doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments").

Exxon Mobil and its progeny, such as Lawrence v. Welch, 531 F.3d 364 (6th Cir. 2008), have narrowed the reach of the Rooker-Feldman doctrine. As Lawrence explains, "the pertinent inquiry after Exxon is whether the 'source of injury' upon which plaintiff bases his federal claim is the state court judgment [itself]." Lawrence, 531 F.3d at 368. See also McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006) ("[t]he inquiry ... is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction"). The doctrine does not apply when the plaintiff simply asserts the same claim that was raised in the state court proceedings and identifies the source of his or her injury as the action of some third party - such as the state court opposing party - rather than the state court judgment. See Pittman v. Cuyahoga County Dep't of Children and Family Servs., 241 Fed.Appx. 285, 287 (6th Cir. 2007). The doctrine also does not apply when the plaintiff is not challenging the state-court decision, but a statute or rule governing that decision. Skinner v. Switzer, 131 S. Ct. 1289, 1298 (2011). Although the other defendants have not filed motions to dimiss, this Court applies its application of the Rooker-Feldman doctrine to them as well because it is a jurisdictional doctrine and this Court can raise it sua sponte. Saker v. Nat'l City Corp., 90 Fed. Appx. 816, 819 n.1 (6th Cir. 2004)

All but one of Mr. Hillman's claims are in essence an appeal from the state court judgment. Were the Court to rule on those

5

claims, it would, in essence, be serving in the role of an appellate court in violation of the Rooker-Feldman doctrine. Here is why.

In his complaint, Mr. Hillman specifically challenges the state court judgment itself, arguing there were errors in the state court decision-making process.  He claims the appellate court violated his constitutional rights when it 1) denied his application to have his records expunged, 2) found that a legitimate government need outweighed his interest in having his records expunged, and 3) failed to rule on the merits of his Rule 60(B) motion.  As to these three claims, the source of the injury about which Mr. Hillman complains is the order of the state court of appeals itself and not any action caused by the opposing party in state court nor any challenge to a rule or statute.  Thus, these three claims fit neatly within the contours of the Rooker-Feldman doctrine and should be dismissed against all parties.

Construing Mr. Hillman's complaint liberally, however, there may be one claim to which the the Rooker-Feldman doctrine is not applicable.  Mr. Hillman also claims that he was denied his constitutional rights when the state court of appeals refused to order a transcript of the proceedings at no cost to him.  The court of appeals stated that Mr. Hillman did not order a transcript in the case and that it was his responsibility to furnish a sufficient record on appeal.  In the absence of a transcript, the court of appeals presumed the regularity of the proceedings in the trial court.

Mr. Hillman claims he was denied due process and equal protection of the laws when the court of appeals refused to provide him with a transcript because he was indigent and was not able to afford one.  Construing Mr. Hillman's complaint liberally and in a light most favorable to him, it is possible to read his complaint as challenging a state law, rule, or policy that allows

an Ohio court to charge him a fee for his transcript, even though he is an indigent prisoner.  Under this interpretation of his complaint, the source of his injury would be that rule or policy itself, and not the state court decision applying that policy. Therefore, this Court will consider his argument that he was denied due process and equal protection when the state court of appeals failed to provide him with a transcript of the trial court proceedings.

### B. Denial of Trial Transcript

Mr. O'Brien's motion to dismiss does not address whether Mr. Hillman failed to state a claim on which relief could be granted when he claimed it was unconstitutional for the Ohio Court of Appeals to deny him a transcript.  This Court, however, may raise this issue sua sponte because Mr. Hillman is proceeding in forma pauperis.  28 U.S.C. §1915(e)(2)(B)(ii)( "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

"[A] State cannot arbitrarily cut off appeal rights for indigents while leaving open avenues of appeal for more affluent persons." Ross v. Moffitt, 417 U.S. 600, 607 (1974). In Griffin v. Illinois, 351 U.S. 12, 19 (1956), the Court deemed it a violation of the Fourteenth Amendment to deny a copy of a trial transcript to an indigent defendant, holding that one who was unable to pay the cost of obtaining such a transcript was precluded from obtaining appellate review of asserted trial error.  Griffin has not generally been extended to civil cases, although the Court makes exceptions for those civil cases involving fundamental interests, such as intrusion on family relationships.  M.L.B. v. S.L.J., 519 U.S. 102, 114, 116 (1996). See also Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983)(holding there was no constitutional requirement to waive

7

costs of transcripts, expert witness fees, and fees to secure depositions); Tucker v. Branker, 142 F.3d 1294, 1299 (D.C. Cir. 1998) (noting that the Supreme Court has held that either the equal protection clause or the due process clause requires that certain fees be waived for indigent defendants in criminal cases and for indigent litigants in civil cases in which certain fundamental interests are at stake, but not in civil cases in general).

In general, "[n]ondisclosure of one's criminal record is not one of those personal rights that is 'fundamental' or 'implicit in the concept of ordered liberty.'" Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996)(discussing the Constitutional right to privacy in one's criminal record)(quoting Whalen v. Roe, 429 U.S. 589, 600 n. 23 (1977)). See also Villa v. Vill. of Elmore, No. 3:02CV7357, 2002 WL 317289970 (N.D. Ohio December 3, 2002). Therefore, Mr. Hillman has no fundamental right in having his records expunged. His complaint, however, can be construed as arguing that his interest in having his records expunged is fundamental because expungement would allow him access to additional rights, such as access to fair employment, housing, and government grants, as well as access to certain prison programs, institutions, and a change in his prison security level. (Complaint, Doc. #3, p. 6). Because Mr. Hillman has no fundamental right to have his records expunged, however, other rights flowing from such expungement are too attenuated for this Court to consider. Because Mr. Hillman's interest in having his records expunged is not fundamental, the government need only a rational justification to charge him for a transcript. United States v. Kras, 409 U.S. 434, 446 (1973).

Here, there is a clear rational basis for courts to charge a fee for transcripts. It has long been the case that court are permitted to charge for certain court costs, such as transcripts

8

and expert witness fees. See Johnson, 698 F.2d 286, 289 (6th Cir. 1983). For obvious reasons, such as the judicious use of taxpayer dollars, the Court cannot use government funds to fund every expense associated with the cost of litigation. Moreover, the Sixth Circuit has recognized some value in putting economic incentives on litigants that would force them to "stop and think" before proceeding with litigation in order to ensure that their claims have merit. See generally Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997)(discussing the fee requirements of the Prison Litigation Reform Act and Congress's rationale for implementing them). Thus, there is a rational basis for charging a litigant the cost of a transcript. Accordingly, to the extent that Mr. Hillman has actually raised such a claim in his complaint, that claim should be dismissed.

## C. Civil and Criminal Contempt

Mr. Hillman has asked this Court to hold defendants in contempt of court because their certificate of service did not contain a date (Doc. #15, 16), the defendant's "excuse" for not serving the original motion was false (Doc. #16), the motion to dismiss served on Mr. Hillman did not have the original time stamp (Doc. #16), the defendants changed the caption of the case from Hillman v. State of Ohio, et al. to Hillman v. Ron O'Brien in his official capacity as Franklin County Prosecutor (Doc. #15), the defendants' motion to dismiss does not mention that Mr. Hillman is seeking expungement of nonconvictions and charges as opposed to expungement of convictions (Doc. #15), and defendants have not explained to this Court that expunged records can be kept on file for investigative purposes (Doc. #15).

As this Court stated in its December 15, 2011 order, a finding of contempt usually requires clear and convincing evidence of a violation of a court order. The matters about

which Mr. Hillman complains do not rise to the level of contempt and Mr. Hillman's request should be denied (Doc. #15).

### D. Other Issues

The Court is also recommending that any claims asserted against the other defendants be dismissed. Because Mr. O'Brien is the Franklin County Prosecutor, and appears to have been sued in his official capacity, the claims against him are equivalent to the claims against his office (to the extent that it is a suable entity), see Kentucky v. Graham, 473 U.S. 159, 165 (1985), and is subject to dismissal for the same reasons. The State of Ohio does not appear to have been served with a complaint and summons. In any event, any claims against the state would, for the reasons cited above, be barred by Rooker-Feldman or lack merit, and would also be subject to the jurisdictional bar of the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651, 662-663 (1974).

### IV. Conclusion

For all the foregoing reasons, the Magistrate Judge recommends that the Court grant Mr. O'Brien's motion to dismiss (Doc. #8) as well as dismiss all claims against the remaining defendants. The Magistrate Judge also recommends that Mr. Hillman's request for a show cause order be denied. (Doc. #15).

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


                                /s/ Terence P. Kemp
                                United States Magistrate Judge