# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Robert L. Hillman,

    Plaintiff,

v.

    Case No. 2:11-cv-607

    JUDGE MICHAEL H. WATSON
State of Ohio, et al.,    Magistrate Judge Kemp

    Defendants.

## OPINION AND ORDER

Robert L. Hillman, a state prisoner, filed this action after the Ohio courts denied his application to expunge a record of certain criminal charges which had been filed against him, but for which he was not convicted. Essentially, he is asking this Court to reverse the state courts and order his record expunged. The defendants moved to dismiss his claims, and a Magistrate Judge has recommended that the Court grant the motion and dismiss this case in its entirety. Mr. Hillman objects to that recommendation. For the reasons which follow, his objections will be overruled and this case will be dismissed.

I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. §636(b)(1).

## II.

Mr. Hillman does not appear to object to the way in which the Report and Recommendation describes the issues in this case, or in the related state court proceedings, so the Court adopts that description. Briefly, Mr. Hillman was charged with a number of offenses in Franklin County in 1994 and 1995. The ones which are relevant to this lawsuit were either subject to a nolle prosequi entered by the prosecution or otherwise dismissed. In 2008, Mr. Hillman moved, unsuccessfully, to have the records of these charges expunged. The state court of appeals ultimately concluded that the trial court did not abuse its discretion when it determined that Mr. Hillman's interest in having his records expunged was outweighed by the government's interest in maintaining free and open access to records of criminal proceedings. Mr. Hillman claims that this decision was erroneous because, in fact, there is no governmental interest being served by keeping these charges a matter of public record. He argues that the state court decision is itself an abuse of discretion and inconsistent with his constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

The Report and Recommendation did not reach the merits of his claims because it found them jurisdictionally barred by the *Rooker-Feldman* doctrine. As explained more fully in the Report and Recommendation, that doctrine reflects a somewhat straightforward interpretation of federal constitutional and statutory law: if the losing party in a state court action wants to have the state court decision reviewed on its merits by a federal court, the only proper way to obtain that review (absent some

special proceeding like an application for a writ of habeas corpus) is to petition the United States Supreme Court to take the case. A United States District Court, such as this one, has no statutory jurisdiction to consider appeals from state court decisions; its jurisdiction is generally limited to cases which begin here and are within the Court's original jurisdiction. A District Court is simply not an appellate court, and the appellate jurisdiction which exists within the federal court system to review state court decisions for error is vested by statute, see 28 U.S.C. §1257(a), in the United States Supreme Court ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari ..."). See Lance v. Dennis, 546 U.S. 459, 463 (2006) ("under what has come to be known as the Rooker–Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments").

In his objection, Mr. Hillman does not directly address the fact that he is attempting to have this Court review the state court decision for error, or that such review is barred by Rooker-Feldman. Rather, he argues first that the Magistrate Judge should have recused himself from the case due to bias, in that Mr. Hillman had filed a misconduct complaint against him based on a ruling made in another case. On the merits, he cites the Ohio statute which allows for the filing of motions for expungement and argues that the purpose of expungement, or sealing the records, is to place the parties back in the position which they occupied prior to the filing of the charges that were later dismissed. Thus, he contends that expungement should have been ordered.

The issue of the Magistrate Judge's recusal is not a basis for rejecting the Report and Recommendation. Since Mr. Hillman has filed objections, this Court reviews the

issues *de novo*, without deference to the Magistrate Judge's determination of those same issues. Additionally, alleged bias stemming from a judicial ruling, as opposed to personal bias against a litigant, is not grounds for disqualifying a judge. *See, e.g., Oliver v. Michigan St. Bd. of Educ.*, 508 F.2d 178 (6th Cir. 1974). Thus, there is no merit in Mr. Hillman's first objection.

His second objection, which again raises the merits of his motion for expungement, is simply misplaced. The question raised by the motion to dismiss and addressed in the Report and Recommendation is not whether, under Ohio law, Mr. Hillman is entitled to have his record expunged, or even whether the state courts abused their discretion in denying his motions for expungement. Rather, the question is whether this Court can sit in review of the state court and, if it disagrees with how the state court decided the issues, decide them differently. As noted, Congress has not granted District Courts the power to do that, and without the power to decide, the Court lacks jurisdiction. Mr. Hillman has not presented any arguments in favor of the Court's jurisdiction, and the *Rooker-Feldman* doctrine both applies to this case and prevents the Court from exercising jurisdiction. Therefore, this case must be dismissed.

The Court notes that the Report and Recommendation liberally construed the complaint as stating an independent claim under the Equal Protection Clause based on the state courts' refusal to provide Mr. Hillman with a free transcript of the proceedings in the state trial court. His objection appears either to abandon any such claim, or to indicate that he never intended to make that claim at all. The Report and Recommendation's analysis of any potential Equal Protection claim is also correct, so either way the potential for an independent Equal Protection claim does not save this

case from dismissal.

### III.

For all of the reasons stated in this Opinion and Order, and after a *de novo* review of the issues, the Court **ADOPTS AND AFFIRMS** the Report and Recommendation filed on May 9, 2012, and **OVERRULES** the objections filed on May 16, 2012. Any objections to the earlier Report and Recommendation are deemed moot and therefore **OVERRULED**. The defendants' motion to dismiss (ECF No. 8) is **GRANTED**. This case is **DISMISSED** for want of jurisdiction.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**